# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MAYKEL ENRIQUE HEREDIA-IGLESIAS, Defendant. | Case No.: 13cr3099-MMA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>[Doc. No. 161] |

  A jury found Defendant Maykel Enrique Heredia-Iglesias guilty on Count 3 of a Superseding Indictment, for distributing methamphetamine in violation of Title 21, United States Code, section 841(a)(1). *See* Doc. No. 93. On May 22, 2017, the Court entered an amended judgment committing Defendant to the custody of the Federal Bureau of Prisons for a total term of 120 months. *See* Doc. No. 160. Defendant, proceeding *pro se*, now moves the Court for a reduction in sentence pursuant to Title 18, section 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines. *See* Doc. No. 161. For the reasons set forth below, the Court **DENIES** the motion.

## DISCUSSION

  Amendment 782 to the United States Sentencing Guidelines ("USSG"), which became effective November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity table by

two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. At issue in the instant motion is whether this Court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2) two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered post-sentencing by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court lacks the authority to reduce a defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

Here, the first criterion above is not met. The applicable sentencing range was lowered by Amendment 782 prior to Defendant's sentencing on May 16, 2017. Therefore, at the time of sentencing, the Court relied upon the 2016 Guidelines Manual, incorporating all guideline amendments – including Amendment 782 – to determine Defendant's offense level. *See* USSG §1B1.11. The Court relied upon the amended guideline range and lacks the authority to further reduce Defendant's sentence.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's motion to reduce his sentence.

**IT IS SO ORDERED**.

DATE: January 30, 2018

*[signature]*
HON. MICHAEL M. ANELLO
United States District Judge